# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: June 7, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| JEAN GOLDEN, | * | No. 18-1223V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | * | |

*Bridget C. McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.
*Ryan D. Pyles*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On August 15, 2018, Jean Golden ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program ("the Program").[2] Petitioner alleged that she suffered from chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of an influenza ("flu") vaccine administered on November 12, 2015. Pet. at 1, ECF No. 1.

On March 25, 2024, I issued a Fact Ruling determining that the record contains preponderant evidence that Petitioner's neuropathy predated her November 12, 2015 flu vaccination. Fact Ruling at 1–2, ECF No. 53. I directed Petitioner to file a status report indicating how she wished to proceed by April 8, 2024. *See id.* at 17. On April 8, 2024, Petitioner filed a status report requesting additional time to confer with her counsel. ECF No. 54. I allowed Petitioner additional time to determine how she would like to proceed but stated that no further extensions would be granted absent specific and extraordinary cause. Scheduling Order, ECF No.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

55. On April 16, 2024, Petitioner filed a status report requesting a status conference to discuss how to proceed. ECF No. 56. On April 30, 2024, I held a status conference in this case. Min. Entry, docketed Apr. 30, 2024. Petitioner indicated that she had no additional evidence to present. Show Cause Order at 1, ECF No. 58. I noted that the evidence in the current record is insufficient for this case to proceed in light of my Fact Ruling. *Id.*

On May 3, 2024, I issued a Show Cause Order. ECF No. 58. I noted that Petitioner's expert opined that Petitioner's neuropathy, or alleged CIDP, began following the vaccination at issue and that "he relied on this opinion to support causation in this case." *Id.* at 1 (citing Pet'r's Ex. 27, ECF No. 32-2; Pet'r's Ex. 42, ECF No. 42-1). I continued that Petitioner had "not provided evidence to support that her flu vaccination significantly aggravated a preexisting condition." *Id.* I noted that Petitioner had had "thirty-nine days to determine how to proceed[]" but that she had "not stated how she intend[ed] to prove that she is entitled to compensation in light of my Fact Ruling." *Id.* I warned Petitioner that a "[f]ailure to file additional evidence, including but not limited to an expert report, in support of her claim and consistent with my Fact Ruling" by June 3, 2024, would "be interpreted as a failure to prosecute this claim[]" and would result in dismissal of her petition. *Id.* I noted that Petitioner would "not be notified prior to the issuance of a Decision dismissing her petition." *Id.*

When a petitioner fails to comply with Court orders to prosecute her case, the Court may dismiss her claim. Vaccine Rule 21(b)(1); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (table); *see also Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183–85 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); *Adkins v. United States*, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Petitioner has now had seventy-four days to indicate how she wished to proceed and to file evidence in support of her claim and consistent with my Fact Ruling, and she has had thirty-five days to respond to my Show Cause Order. Petitioner's failure to respond to my Show Cause Order by filing additional evidence in support of her claim indicates a disinterest in pursuing her claim. Furthermore, the existing records is insufficient to prove entitlement in light of my Fact Ruling. Therefore, this case must be **dismissed for insufficient proof and for failure to prosecute. The Clerk shall enter judgment accordingly.**

    **IT IS SO ORDERED.**

                                                      <u>s/Herbrina D. Sanders</u>
                                                      Herbrina D. Sanders
                                                      Special Master